**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

FRANK BURNS,                                                 :
                                                            :
         Plaintiff,                                         :
                                                            :
v.                                                          :         CASE NO.: 7:25-CV-191 (WLS)
                                                            :
MERCURY INS. CO. OF GEORGIA,                                :
                                                            :
         Defendant.                                         :
_____                        :

## ORDER

Before the Court is Defendant's Motion for Judgment on the Pleadings (Doc. 5), filed on January 12, 2026. For the reasons discussed below, the Motion is **DENIED**.

## I.   RELEVANT BACKGROUND

This matter arises from an insurance coverage dispute between Plaintiff Frank Burns ("Plaintiff") and Defendant Mercury Insurance Company of Georgia ("Mercury"). Mercury issued a homeowner's policy (the "Policy") to Plaintiff for the period of November 1, 2023, through November 1, 2024, for Plaintiff's property located at 3818 Orchard Way, Valdosta, Georgia. (Doc. 1-1 at 6); (Doc. 5-1 at 2). On or about September 25, 2024, during the policy period, Plaintiff alleges his property was damaged as a result of Hurricane Helene. (Doc. 1-1 at 7). Plaintiff further alleges that after an investigation, Mercury failed to adequately adjust the loss and to compensate Plaintiff for the entire loss, in breach of the Policy's terms. (*Id.* at 8).

Plaintiff thus filed suit against Mercury on September 22, 2025, in the Superior Court of Lowndes County, Georgia, alleging claims for breach of contract and bad faith. (Doc. 1-1). A summons was issued the same day. (*Id.* at 3). On September 30, 2025, Plaintiff filed a motion in the Superior Court for the appointment of a special process server. (*Id.* at 93–94). The motion was granted on October 13, 2025. (*Id.* at 96). Mercury was served on November 10, 2025. (*Id.* at 154). Then, on November 13, 2025, Plaintiff filed an amended complaint in the Superior Court, removing his claim for bad faith. (*Id.* at 97–104). Mercury contends that, to date, it has not been served with the amended complaint. (Doc. 5-1 at 3).

1

On December 10, 2025, Mercury removed the case to this Court. (Doc. 1). On January 12, 2026, Mercury filed the instant Motion for Judgment on the Pleadings, arguing that (1) pursuant to the Policy, a suit against Mercury must be brought within one year after the date of loss; (2) Plaintiff timely filed his Complaint on September 22, 2025; (3) but Plaintiff failed to timely serve Mercury pursuant to Georgia law; and (4) therefore, Plaintiff's action is barred by the Policy's one-year suit limitation period. (Doc. 5-1). Plaintiff filed a Response (Doc. 19) in opposition on May 5, 2026, pursuant to the Court's previous Order (Doc. 18) which granted Plaintiff's Motion to file an out of time response. Mercury filed a renewed Reply (Doc. 20) on May 11, 2026, also pursuant to the Court's prior Order. As such, the Motion is fully briefed and ripe for resolution.

## II.    STANDARD OF REVIEW

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." A Rule 12(c) motion "provides a means of disposing of cases when . . . a judgment on the merits can be achieved by focusing on the content of the competing pleadings . . . ." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1336 (11th Cir. 2014) (quotation marks omitted).

The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion to dismiss. *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018). "In determining whether a party is entitled to judgment on the pleadings, [the Court] accept[s] as true all material facts alleged in the non-moving party's pleading, and [] view[s] those facts in the light most favorable to the non-moving party." *Perez*, 774 F.3d at 1335. Where the movant is the defendant, the Court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the nonmoving party. *Scott v. Taylor*, 405 F.3d 1251, 1253 (11th Cir. 2005). "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." *Id.* Thus, a judgment on the pleadings is appropriate "where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Id.*; *see Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002) (holding that judgment on the pleadings is appropriate "when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts.").

2

Generally, the Court may not consider matters outside the pleadings without converting the motion into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). However, "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c); *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). And the Court may consider an extrinsic document if it is "(1) central to the plaintiff's claim, and (2) its authenticity is not challenged. *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010) (citations omitted). "In this context, 'undisputed' means that the authenticity of the document is not challenged." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (citation omitted). Here, a copy of the Policy is attached to Plaintiff's original complaint. (Doc. 1-1 at 16–65). Thus, the Court may properly consider it in resolving Mercury's Motion.

## III.    DISCUSSION

A federal court sitting in diversity applies the forum state's choice-of-law rules. *Am. Fam. Life Assurance Co. of Columbus v. U.S. Fire Co.*, 885 F.2d 826, 830 (11th Cir. 1989) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941)). In Georgia, an insurance policy is governed by the law where the policy was delivered. *Travelers Prop. Cas. Co. of Am. v. Moore*, 763 F.3d 1265, 1271 (11th Cir. 2014). Suit limitations "are enforceable in Georgia, and an insured's compliance with such a provision is a condition precedent to filing a lawsuit based on the policy." *Willis v. Allstate Ins. Co.*, 779 S.E.2d 744, 746 (Ga. Ct. App. 2015) (citing *Smith v. Allstate Ins. Co.*, 285 S.E.2d 82, 84 (Ga. Ct. App. 1981)).

Mercury's sole basis for judgment in its favor is the argument that Plaintiff's suit is barred by a suit limitation provision contained in the Policy. (Doc. 5-1 at 7–9). The Policy contains the following suit limitation:

> **H. Suit Against Us**
>
> No action can be brought against us unless there has been full compliance with all of the terms under Section I of this policy and the action is *started* within one year after the date of loss.

 (Doc. 1-1 at 39) (emphasis added). The loss occurred on September 25, 2024, and Plaintiff filed his Complaint on September 22, 2025, but did not serve Mercury until November 10, 2025. (*Id.* at 154). Mercury concedes that Plaintiff filed his complaint "within the contractual limitations period," but contends that the date of service—as opposed to the date of filing—

3

is the operative date to determine when a case is "started." (Doc. 5-1 at 7–8). Mercury's argument, however, conflates the requirements of the policy limitation provision with a statutory limitations service issue. *See Thornton v. Ga. Farm Bureau Mut. Ins. Co.*, 695 S.E.2d 642, 643–44 (Ga. 2010) (noting significant distinction in analyzing policy limitation and statutory limitation periods). The Policy language at issue requires that Plaintiff's suit be "started" within one year after the inception of loss or damage. As Plaintiff points out, Mercury's interpretation would have the Court read in a non-existent, additional requirement that the suit must also be served within one year of the loss. (*See* Doc. 19 at 6). However, no such language appears in the Policy.

The Court can enforce the suit limitation provision only according to the terms of the Policy. *See A+ Restorations, Inc. v. Liberty Mut. Fire Ins. Co.*, 714 F. App'x 923, 925 (11th Cir. 2017) (quoting *Ga. Farm Bureau Mut. Ins. Co. v. Kephart*, 439 S.E.2d 682, 683 (Ga. Ct. App. 1993) ("Like any other contract, an insurance policy must be construed according to its plain language and express terms.")). The Court finds that the Policy's "Suit Against Us" provision is unambiguous.[1] Giving the provision its plain and ordinary meaning, the Policy requires that a case be filed within one year of the date of loss. *See, e.g., Giles v. Nationwide Mut. Fire Ins. Co.*, 405 S.E.2d 112, 114 (Ga. Ct. App. 1991). As Plaintiff filed his case against Mercury on September 22, 2025, it was "started" within the requisite period.

Both federal and state courts in Georgia that have considered identical or similar contract language have reached the same conclusion. *See, e.g., Mattive v. Allstate Ins. Co.*, No. CIV. A. CV494-54, 1994 WL 676723, at *4 (S.D. Ga. Nov. 18, 1994) (considering nearly identical policy language and finding that "[t]o bring, or to have 'brought,' a case, simply means to *file the complaint*") (emphasis in original); *Sanders v. Allstate Ins. Co.*, 428 S.E.2d 575, 576 (Ga. Ct. App. 1993) (interpreting an insurance policy that required "any suit or action [against the insurer] [to] be brought within one year after the date of loss" as turning on the date on which the complaint was filed); *Giles*, 405 S.E.2d at 114 ("[T]he clear and unambiguous meaning of the clause is that lawsuits brought against [the insurer] must be filed within one year of the

---

[1] Even if the relevant language was ambiguous, any ambiguities in the policy language are strictly construed against the insurer. *See, e.g., Flynt v. Life of S. Ins. Co.*, 718 S.E.2d 343, 347 (Ga. Ct. App. 2011); *Ironshore Specialty Ins. Co. v. RPG Hosp., LLC*, 889 S.E.2d 394, 203 (Ga. Ct. App. 2023) ("Insurance policies are construed in favor of the insured and against the insurance company.").

date of loss or damage."); *see also Holmes v. Safeco Ins. Co. of Ind.*, No. 1:23-cv-665, 2023 WL 6194093, at *1 (N.D. Ga. July 25, 2023) ("Defendant urges this Court to find that a lawsuit is not 'started' unless service of process is effectuated. Georgia courts, however, interpret the term 'start' to mean the date a lawsuit is filed."); *Butler v. State Farm Fire & Cas. Co.*, No. 1:19-cv-4531, 2020 WL 3400181, *1 (N.D. Ga. Feb. 18, 2020) (concluding that the phrase "[t]he action must be started within one year after the date of loss or damage," requires that plaintiff "file suit within one year of the date of loss").

In support of its interpretation, Mercury relies on cases that "involve statutory limitation periods rather than a contractual one." *Holmes*, 2023 WL 6194093, at *2. For example, Mercury cites *Buckson v. NV LNWA JIC Hotel, LLC*, for the proposition that "[m]erely filing a complaint . . . does not begin a lawsuit unless such filing is followed by timely service." (Doc. 5-1 at 6 (citing No. CV 2:21-057, 2021 WL 5632056, at *5 (S.D. Ga. Dec. 1, 2021)). *Buckson*, however, considered whether the plaintiff's delay in effecting service of her renewal complaint barred her suit under the statute of limitations. *See id.* In this case, by contrast, it is undisputed that Plaintiff filed and served his complaint well within the statute of limitations. *See, e.g., Jackson Nat'l Life Ins. Co. v. Crum*, No. 1:17-CV-03857-WMR, 2023 WL 6442932, at *10 (N.D. Ga. July 20, 2023) ("Under Georgia law, the six-year statute of limitations on insurance claims is based on a Georgia statute limiting contract disputes to the same time frame."); O.C.G.A. § 9-3-24. *Buckson* and the similar cases to which Mercury cites are not relevant to interpreting the Policy's terms.[2]

Plaintiff filed his complaint on September 22, 2025, less than one year after his home was damaged. As such, Plaintiff "started" this case within the Policy's one-year suit limitation period. For that reason, and because Mercury has not put forth any other arguments to justify judgment as a matter of law, Mercury's motion for judgment on the pleadings is due to be denied.

---

[2] Mercury also cites two cases from Georgia Superior Courts that applied state service of process rules to lawsuits where the petition was filed within an insurance policy's suit limitation period, but service was not perfected until after the limitation period. (Doc. 20 at 5) (citing first *Gantt v. State Farm Fire & Cas.*, 18CV2028-3, 2019 Ga. Super LEXIS 4204, at *1-2 (Oct. 4, 2019 Ga. Superior Ct., DeKalb Cnty.); and then *Lynn v. Auto-Owners Ins. Co.*, 23EV004304B, 2024 Ga. State LEXIS 3247, at *1 (May 28, 2024 Ga. State Ct., Fulton Cnty.)). The Court finds these opinions unpersuasive, especially in light of the extensive caselaw from Georgia appellate courts explicitly noting the distinction between statutes of limitation and contractual policy limitations.

## CONCLUSION

For the foregoing reasons, Mercury's Motion for Judgment on the Pleadings (Doc. 5) is **DENIED**.

**SO ORDERED**, this 19th day of May 2026.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**